**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and COMMONWEALTH OF MASSACHUSETTS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. _____ |
| AMERICAN BILTRITE INC., NOR-AM AGRO LLC, OLIN CORPORATION, and STEPAN COMPANY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiffs, the United States of America, by the authority of the Attorney General acting at the request of the United States Environmental Protection Agency ("EPA"), and the Commonwealth of Massachusetts, by the authority of the Attorney General of the Commonwealth of Massachusetts acting by and through the Massachusetts Department of Environmental Protection ("MassDEP") (together, "Commonwealth"), through their undersigned attorneys, file this Complaint and allege as follows:

**NATURE OF ACTION**

1.      This is a civil action under Sections 106, 107, and 113(g) of the Comprehensive Environmental, Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606, 9607, 9613(g), and the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen. Laws ch. 21E, §§ 1-22 ("Chapter 21E").

2.      The United States seeks injunctive relief, and recovery of costs incurred in response to releases and threatened releases of hazardous substances into the environment at or

from the Olin Chemical Superfund Site ("Site"), located in Wilmington, Middlesex County, Massachusetts.  The United States also seeks a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), declaring that the Defendants will be liable for any further response costs that the United States may incur as a result of the release or threatened release or hazardous substances into the environment at or from the Site.

3.      The Commonwealth seeks injunctive relief and recovery of past costs incurred in response to releases or threatened releases of hazardous substances and material and/or oil into the environment at or from the Site.  The Commonwealth also seeks a declaratory judgment declaring that Defendants will be liable for any further response costs that the Commonwealth may incur as a result of a release or threatened release of hazardous substances or material and/or oil into the environment at or from the Site.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345, and Sections 106, 107, and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607 and 9613(b).

5.      This Court has supplemental jurisdiction over the subject matter of the Commonwealth's claim under 28 U.S.C. § 1367 because the Commonwealth's claim is so related to the Plaintiffs' collective claim that it forms part of the same case or controversy.  The Commonwealth is authorized to bring its state law claim under Mass. Gen. Laws ch. 21E, §§ 5, 11 and Mass. Gen. Laws ch. 12, § 11D.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a), 9613(b), because the releases or

threatened releases of hazardous substances and material and/or oil that gave rise to this claim occurred in this District, and because the Site is located in this District.

## THE PARTIES

7.      The Plaintiffs are the United States of America, by the authority of the Attorney General of the United States, acting at the request of EPA, and the Commonwealth of Massachusetts, by the authority of the Attorney General for the Commonwealth of Massachusetts, acting at the request of the MassDEP.

8.      Defendant American Biltrite Inc. ("American Biltrite") is a corporation organized under the laws of Delaware, with headquarters at 57 River Street, Wellesley Hills, Massachusetts 02481, and is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), and Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

9.      Defendant NOR-AM Agro LLC ("NOR-AM") is a limited liability company organized under the laws of Delaware, with its principal place of business located at 100 Bayer Boulevard, Whippany, New Jersey 07981-0915, and is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), and Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

10.      Defendant Olin Corporation ("Olin") is a corporation organized under the laws of Virginia, with headquarters at 190 Carondelet Plaza, Suite 1530, Clayton, Missouri 63105, and is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), and Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

11.      Defendant Stepan Company ("Stepan") is incorporated under Delaware law, with headquarters at 1101 Skokie Boulevard, Suite 500, Northbrook, Illinois, 60062, and is a "person"

as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), and Section 2 of Chapter 21E,

Mass. Gen. Laws ch. 21E, § 2.

## STATUTORY BACKGROUND

*CERCLA*

12.    CERCLA was enacted in 1980 to provide a comprehensive governmental

mechanism for abating releases and threatened releases of hazardous substances and other

pollutants and contaminants, and for funding the costs of such abatement and related

enforcement activities, which are known as "response" actions.  42 U.S.C. §§ 9604(a), 9601(25).

13.    Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

Whenever (A) any hazardous substance is released or there is a substantial threat
of such a release into the environment, or (B) there is a release or substantial
threat of release into the environment or any pollutant or contaminant which may
present an imminent and substantial danger to the public health or welfare, the
President is authorized to act, consistent with the national contingency plan, to
remove or arrange for the removal or, and provide for remedial action relating to
such hazardous substance, pollutant, or contaminant at any time (including its
removal from any contaminated natural resource), or take any other response
measure consistent with the national contingency plan which the President deems
necessary to protect the public health or welfare or the environment.

14.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

Notwithstanding any other provision or rule of law, and subject only to the
defenses set forth in subsection (b) of this section–

(1) the owner and operator of a vessel or a facility, [and]

(2) any person who at the time of disposal or any hazardous substance owned or
    operated any facility at which such hazardous substances were disposed of,

*         *         *

shall be liable for–

(A) all costs of removal or remedial action incurred by the United States
Government or a State . . . not inconsistent with the national contingency
plan . . . .

4

15.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the United States is also authorized to seek injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release of a hazardous substance at or from a facility.

*Chapter 21E*

16.     Chapter 21E was enacted in 1983 to, like CERCLA, establish a comprehensive scheme that governs the identification, assessment, and cleanup of properties contaminated with hazardous material and/or oil and make certain persons liable to the Commonwealth for, *inter alia*, "all costs of assessment, containment and removal," Mass. Gen. Laws ch. 21E, §§ 2, 5(a), 5(a)(i).

17.     Section 4 of Chapter 21E, Mass Gen. Laws ch. 21E, § 4, authorizes MassDEP to take response actions whenever there is a release or threat of release of oil and/or hazardous material into the environment.

18.     Section 5(a) of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5(a), makes "the owner or operator of a vessel or a site from or at which there is or has been a release of oil or hazardous material" and "any person who at the time of storage or disposal of any hazardous material owned or operated any site at or upon which such hazardous material was stored or disposed of and from which there is or has been a release or threat of release of hazardous material. . . liable, without regard to fault . . . to the [C]ommonwealth for all costs of assessment, containment and removal incurred" by the Commonwealth.

19.     Section 2 of Chapter 21E, Mass. Gen. Laws. ch. 21E, § 2, defines the term "site" to include "any . . . place or area where oil or hazardous material has been deposited, stored, disposed of or placed, or otherwise come to be located."

20.     Section 2 of Chapter 21E, Mass. Gen. Laws. ch. 21E, § 2, defines the term "hazardous material" as material including . . . any material, in whatever form, which, because of its quantity, concentration, chemical, corrosive, flammable, reactive, toxic, infectious or radioactive characteristics either separately or in combination with any substance or substances, constitutes a present or potential threat to human health, safety, welfare, or to the environment, when improperly stored, treated, transported, disposed of, used, or otherwise managed."  A list of oil and hazardous material subject to Chapter 21E appears in the Massachusetts Contingency Plan at 310 C.M.R. §§ 40.0000 subpt. P.

21.     Under Section 11 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 11, the Commonwealth is also authorized to seek injunctive relief "to enjoin any violations of, or grant such additional relief as [a Court] deems appropriate to secure compliance with, the provisions of" Chapter 21E.

## GENERAL ALLEGATIONS

22.     The Site is comprised of an approximately 50-acre parcel located at 51 Eames Street ("Property"), owned by Olin since 1980, within an industrial area in Wilmington, Middlesex County, Massachusetts, and adjoining off-Property areas that have been impacted by releases of hazardous substances and material and/or oil, including those described below in paragraph 29, from manufacturing and waste disposal activities formerly conducted at the Property by the Defendants who were owners and/or operators of the Property at the time of disposal of the hazardous substances and material and/or oil or successors in interest to such owners and/or operators.

23.     Between 1953 and 1968, American Biltrite Rubber Co., Fisons Limited, and Fisons Corporation, which became known as NOR-AM Agro LLC, manufactured specialty chemicals at the Property for the rubber and plastics industries.

24.     In 1968, Stepan Company acquired the business and the associated Property and continued to operate the facility until 1980, when the facility was purchased by Olin.

25.     Olin continued to operate the manufacturing business at the Property until 1986 when it closed the facility.

26.     As of the date of this Complaint, Olin owns the Property.

27.     Manufacturing activities were conducted at the Property from 1953 until 1986 during which time liquid wastes generated at the Property were disposed of in unlined pits on the northern portion of the Property.

28.     On-Property waste disposal activities resulted in soil, sediment, surface water, and groundwater contamination both on- and off-Property.

29.     Constituents in liquid waste streams and in releases to the environment at the Property included phthalates, phenols, nitrosamine compounds, chromium, ammonia, chloride, sulfuric acid, trimethylpentenes, polycyclic aromatic hydrocarbons, and process oil.

30.     To manage cleanup operations of this Site, EPA has divided responses for the Site into portions referred to as "Operable Units."

31.     Operable Unit 1 includes on-Property soil, sediments, and surface water.

32.     Operable Unit 2 includes off-Property soil, sediments, and surface water.

33.     Operable Unit 3 includes all on- and off-Property groundwater areas that have been affected by contamination from the Property.

34.     EPA issued a decision document, dated March 30, 2021, hereafter referred to as the "Record of Decision."  The Record of Decision selected a final remedial action for Operable Units 1 and 2 and an interim remedial action for Operable Unit 3 for the Site.

35.     In undertaking response actions to address the release or threat of release of hazardous substances at the Site, EPA and MassDEP have incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).  The response costs incurred thus far were incurred in a manner not inconsistent with the National Contingency Plan, promulgated under Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

**FIRST CLAIM FOR RELIEF**
(Cost Recovery Under CERCLA Section 107)

36.     The preceding paragraphs are incorporated herein by reference.

37.     American Biltrite, NOR-AM, Olin, and Stepan are "persons" as that term is defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

38.     The Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

39.     Phthalates, phenols, nitrosamine compounds, chromium, ammonia, chloride, sulfuric acid, and trimethylpentenes are "hazardous substances," as that term is defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

40.     There has been a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Site, as those terms are defined or used in Section 101 of CERCLA, 42 U.S.C. § 9601.

41.     EPA and MassDEP have incurred and will continue to incur "costs of removal or remedial action . . . not inconsistent with the national contingency plan" at the facility as those terms are defined or used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a)

42.     American Biltrite, NOR-AM, Olin, and Stepan are liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because each owned or operated a facility at the Site at the time hazardous substances were disposed of at the facility or is a successor in interest to such a person.

43.     Olin is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because it owns the Site.

44.     Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), American Biltrite, NOR-AM, Olin, and Stepan are jointly and severally liable for all Operable Units 1, 2, and 3 costs incurred or to be incurred by the United States and the Commonwealth, including enforcement costs and interest.

## SECOND CLAIM FOR RELIEF
### (Injunctive Relief Under CERCLA Section 106)

45.     The preceding paragraphs are incorporated herein by reference.

46.     EPA has determined that there is or may be an imminent and substantial endangerment to the public health and welfare or the environment because of actual or threatened releases of hazardous substances at or from the Site.

47.     EPA has determined that the response actions selected in the Record of Decision are necessary to abate the danger or threat at or from the Site.

48.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), American Biltrite, NOR-AM, Olin, and Stepan are jointly and severally liable for injunctive relief to abate the danger or

threat presented by release or threatened of hazardous substances into the environment at or from the Site.

49.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), American Biltrite, NOR-AM, Olin, and Stepan are jointly and severally liable to undertake the Operable Units 1, 2, and 3 response actions described in the Record of Decision.

## THIRD CLAIM FOR RELIEF
(Cost Recovery and Injunctive Relief under Chapter 21E)

50.     The preceding paragraphs are incorporated herein by reference.

51.     American Biltrite, NOR-AM, Olin, and Stepan are "persons" as that term is defined in Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

52.     Phthalates, phenols, nitrosamine compounds, chromium, ammonia, chloride, sulfuric acid, trimethylpentenes, polycyclic aromatic hydrocarbons, and process oil are "hazardous material[s]" or "oil," as those terms are defined in Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

53.     There has been a "release" of "hazardous material" into the "environment," as those terms are defined in Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2, at the Property.

54.     The Property and any place where oil and/or hazardous material have come to be located from the release of oil and/or hazardous material from Property is a "Site" and a "Disposal Site" as those terms are defined in Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

55.     MassDEP has incurred and will continue to incur costs of "assessment, containment, and removal" as those terms are used in Section 5(a) of Chapter 21E, Mass. Gen.

Laws ch. 21E, § 5(a), and defined in Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2, for actions it has or will take in connection with the Site.

56.     American Biltrite, NOR-AM, Olin, and Stepan each was or is an "owner" or operator" of the Site as those terms used in Section 5 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5, and defined in Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

57.     American Biltrite, NOR-AM, Olin, and Stepan are liable under Section 5(a)(2) of Chapter 21E, Mass Gen. Laws ch. 21E, § 5(a)(2), because each owned or operated the Site at the time oil and/or hazardous material was disposed of at it or is a successor in interest to such an owner or operator.

58.     Olin is liable under Section 5(a)(1) of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5(a)(1), because it owns the Site from or at which there is or has been a release of oil and/or hazardous material.

59.     Under Sections 5(a) and 5(e) of Chapter 21E, Mass. Gen. Laws. Ch. 21E, § 5(a), 5(e), American Biltrite, NOR-AM, Olin, and Stepan are jointly and severally liable to the Commonwealth without regard to fault for up to three times the costs of assessment, containment, and removal incurred and to be incurred by MassDEP in accordance with Chapter 21E, § 4 and the Commonwealth's litigation costs and reasonable attorneys' fees.

60.     Pursuant to Chapter 21E and its regulations, the Massachusetts Contingency Plan, 310 C.M.R. §§ 40.0000, *et seq.*, the Commonwealth is entitled to equitable relief, including injunctive relief, for the placement of Notices of Activity and Use Limitations on the Site needed to secure compliance with the Record of Decision.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

a.      Enter a judgment in favor of the United States and the Commonwealth finding that Defendants are jointly and severally liable under Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A), for all costs incurred by the United States and the Commonwealth, including enforcement costs and prejudgment interest, for response actions taken in connection with Operable Units 1, 2, and 3 at the Site;

b.      Enter an order under Section 106 of CERCLA, 42 U.S.C. § 9606(a), requiring Defendants to perform the Operable Units 1, 2, and 3 response actions as described in the Record of Decision;

c.      Order the Defendants to reimburse the Commonwealth for up to three times of all assessment, containment, and removal costs that the Commonwealth has incurred at the Site, including litigation costs, reasonable attorneys' fees, and applicable interest;

d.      Enter a declaratory judgment against Defendants in favor of the United States, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), on liability for all future response costs, including enforcement costs, plus interest;

e.      Enter declaratory judgment against the Defendants, jointly and severally, in favor of the Commonwealth, pursuant to Section 11 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 11, on liability for all future assessment, containment, and removal costs, including enforcement costs and interest, the Commonwealth may incur at the Site; and

f.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*For Plaintiff United States of America*

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division


Dated: <u>May 11, 2023</u>                    <u>*/s/ Patrick B. Bryan*</u>
                                             PATRICK B. BRYAN
                                             Senior Attorney
                                             U.S. Department of Justice
                                             Environment and Natural Resources Division
                                             Environmental Enforcement Section
                                             P.O. Box 7611
                                             Washington, D.C.  20044-7611
                                             (202) 616-8299
                                             patrick.bryan@usdoj.gov

                                             RACHEL S. ROLLINS
                                             United States Attorney
                                             District of Massachusetts

                                             ANNAPURNA BALAKRISHNA
                                             Assistant U.S. Attorney
                                             Office of the U.S. Attorney
                                             District of Massachusetts
                                             John Joseph Moakley Federal Courthouse
                                             1 Courthouse Way, Suite 9200
                                             Boston, MA 02210
                                             (617) 748-3100

OF COUNSEL:

MAXIMILIAN BOAL
MAN CHAK NG
KEVIN PECHULIS
Senior Enforcement Counsel
U.S. EPA, Region 1
5 Post Office Square
Suite 100 (Mail Code: 4-02)
Boston, MA 02109

*For Plaintiff Commonwealth of Massachusetts*

ANDREA JOY CAMPBELL
Attorney General


Dated:  <u>May 11, 2023</u>                    <u>*/s/ Seth Schofield*</u>
                                        SETH SCHOFIELD, BBO No. 661210
                                        Senior Appellate Counsel
                                        Energy and Environment Bureau
                                        Office of the Attorney General
                                        One Ashburton Place, 18th Floor
                                        Boston, Massachusetts  02108
                                        Tel: (617) 963-2436
                                        seth.schofield@mass.gov